# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Susan Shalov,

        Plaintiff,

  vs.

Ramzy P. Ladah; *et al.*,

        Defendants.

Case No.: 2:15-cv-0773-GMN-VCF

**ORDER**

      Pending before the Court is the Motion to Remand filed by Defendants Ramzy P. Ladah, Ladah Law Firm PLLC, and Las Vegas Personal Injury LLC. (ECF No. 7). *Pro se* Plaintiff Susan Shalov responded in opposition, (ECF No. 11),[1] and Defendants replied, (ECF No. 12). For the reasons stated herein, the Court will grant Defendants' Motion and remand this action to Clark County District Court.

      Plaintiff filed this action in Clark County District Court on October 14, 2013, raising a claim for legal malpractice against her former attorney, Defendant Ramzy Ladah, and two law firms with which he is allegedly associated. (First Am. Compl., Pet. for Rem. pp. 20-27, ECF No. 1). Plaintiff removed the case to this Court on April 27, 2015, citing 28 U.S.C. §§ 1441 and 1446 as the basis for the removal. (Pet. for Rem. ¶ 2).

      In the instant Motion, Defendants argue that this action must be remanded because Plaintiff's removal of her own case was procedurally improper. Indeed, it is well

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

established that 28 U.S.C. §§ 1441 and 1446 permit removal only by a party who is named as a defendant. *E.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-07 (1941); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972); *Rodis v. DLJ Mortgage Capital, Inc.*, No. 12-cv-0271-KJD-VCF, 2012 WL 4040222, at *2 (D. Nev. Sept. 11, 2012).

Acknowledging the procedural shortcomings of her removal, Plaintiff states that she "seeks an exception to the rule governing 'Removal' of her case . . . ." (Pl.'s Resp. 5:10-11, ECF No. 11). However, this Court is without authority to grant such an exception, as the language of 28 U.S.C. §§ 1441 and 1446, as well as the relevant rulings of the Supreme Court and the Ninth Circuit provide that only a defendant may remove an action to federal court. Accordingly, the Court finds that Plaintiff's removal was procedurally improper, and Defendants' Motion will be granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Remand, (ECF No. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this 9th day of September, 2015.

_____

Gloria M. Navarro, Chief Judge
United States District Court